JACOB M. LONG, Appellant, *v*. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Plaintiff was elected and qualified as alderman in the city of New York in December, 1869 ; the term of office was then two years from January 1, 1870 ; he served until the first Monday of June, 1870, when he was su-perseded by an alderman elected in May, under and by virtue of the charter of 1870 (chap. 137, Laws of 1870). In an action to recover salary after he was so superseded, *held,* that, as the office was not created or regulated by the Constitution, the Legislature had entire control over it and could thus shorten the term ; that plaintiff, after the term was so ended, was neither *de jure* nor *de facto* an incumbent of the office and, therefore, was not entitled to recover.

(Argued June 4, 1880 ; decided June 15, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant entered upon an order overruling a demurrer to defendant's answer.

This action was brought to recover salary alleged to be due plaintiff as alderman. The complaint alleged in substance that plaintiff was elected to that office in December, 1869, for the term of two years, at an annual salary of $4,000, from January 1, 1870; that he qualified and entered upon the discharge of the duties of the office; that he has received of his salary the sum of $1,666.69, and that the balance has not been paid.

The answer averred that in pursuance of section 6 of the charter of 1870, in May, 1870, a board of aldermen was elected who acceded to the office on the first Monday of June, 1870; that plaintiff was thereby superseded and his term of office ended, and that the plaintiff's salary was paid in full up to the time he was so superseded.

Plaintiff demurred on the ground that the answer did not state facts constituting a defense.

*Frederick S. Buckingham* for appellant. Chapter 137, Laws of 1870, did not oust the appellant from office. (*Ohio v. McCollester,* 11 Ohio, 49; *Toledo Bank v. Bond,* 1 Ohio St. 655; *Demarest v. Wickham,* 63 N. Y. 320.) He was entitled to recover his salary until the expiration of his term of office. (*Smith v. Mayor, etc.,* 37 N. Y. 518; *McVeany v. Mayor, etc.,* 80 id. 185.)

*D. J. Dean* for respondent. Plaintiff's tenure of office and right to salary were terminated by the act of 1870. (*Bank of Chenango v. Brown,* 26 N. Y. 467; *Demarest v. Wickham,* 4 Hun, 627; 63 N. Y. 320; *People v. Pinckney,* 32 id. 377; *People v. Morris,* 13 Wend. 325; *Connor v. Mayor,* 1 Seld. 285; 2 Sandf. Sup. Ct. 355, 374; *Dartmouth College v. Woodward,* 4 Wheat. 627; *People v. Warner,* 7 Hill, 8; 2 Denio, 272; *Smith v. The Mayor,* 37 N. Y. 518; 1 Daly, 219, 233.) No action will lie by a *de jure* officer against

the corporation for salary which has been paid to the *de facto* occupant of the office. (*Dolan* v. *Mayor*, 8 Hun, 440 ; 68 N. Y. 277.)

DANFORTH, J.  The answer contains no denial of the allegations of the complaint, but sets up new matter.  The plaintiff has demurred to the answer.  For the purposes of the present inquiry, therefore, the allegations in each pleading are to be taken as true.  It appears, then, that the plaintiff was elected and qualified as an alderman in December, 1869, and as such became a member of the common council of the city of New York.  By the law then in force the term of that office was two years from the 1st of January, 1870, and the annual salary $4,000.  He served until the first Monday of June, 1870, when he was superseded by an alderman elected in May, 1870, and his term of office ended by virtue of the provisions of a law entitled " An act to reorganize the local government of the city of New York," passed April 5, 1870 (Session Laws of 1870, chap. 137, vol. 1, p. 366), and which, so far as any question before us is concerned, took effect immediately (§ 36).  The only question is as to the validity of the provisions of the act declaring the result above stated.  For if that is valid, the plaintiff was not either *de jure* or *de facto* an incumbent of the office, and of course could maintain no action for its salary.  It is claimed that the act in question shortens the duration of the plaintiff's term of office, so that the term declared by statute, in force when he was elected, to be for " two years," is made, by the act of 1870, a term for five months.  We see no legal objection thereto.  The office was not created by, or regulated in any manner by, the Constitution. The legislature had entire control over the matter.  The office was created, its term was fixed by that body, and it could be changed by it.  The law could be amended or repealed, and this was the effect of the provision of the act of 1870.  A term ending at a time stated was substituted for a term limited to two years.  The original term was thus shortened.  The legislation was aimed at the office, not the incumbent.  But however viewed, the act complained of

was within the lawful exercise of power by the legislature, and within the principle frequently reiterated by the courts of this State, that a public office is not a grant, and that the right to it does not depend upon, or partake of the nature of, a contract. (*Conner* v. *Mayor, etc., of New York,* 2 Sandf. 355, 369; affirmed, 5 N. Y. 285; *Smith* v. *Mayor, etc.,* 37 id. 518.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.