## STATE *ex rel.* AYERS v. KIPP.

1. The *prima facie* right of a party holding the certificate of an appointment to an office to be placed in possession of it may be determined in a mandamus proceeding.

2. The requirement of Laws 1897, Chap. 69, § 7, that the bond of the insurance commissioner shall be approved by the governor, secretary of state, and attorney general, is met by an approval by any two of such officers, as Comp. Laws, § 4765, provides that words giving joint authority to three or more officers gives such authority to a majority.

3. Laws 1897, Chap. 69, § 5, authorizing the insurance commissioner to hold his office two years, unless sooner removed by the governor, gives the governor the power of removal at his pleasure.

4. Laws 1897, Chap. 69, § 5, authorizing the governor at his pleasure to remove the insurance commissioner from his office created by said chapter, is not repugnant to Const. Art. 16, §§ 3, 4, authorizing the removal of officers only by impeachment or for cause, as these sections apply only to the officers named in the Constitution.

(Opinion filed March 2, 1898.)

Original application for mandamus commanding defendant to deliver to relator his office as insurance commissioner, together with the books, papers, seal, etc., belonging thereto. Peremptory writ issued.

The facts are stated in the opinion.

*Shunk & Hughes,* for plaintiff.

A legislative act cannot be declared void unless it be shown by the attacking party, beyond a reasonable doubt, that it is in conflict with the state or national constitution. State v. Morgan, 2 S. D. 32; Cooley, Const. Lim. 175; Bridges v. Shalleross, 6 W. Va. 562, A distinction must be noted between those offices created by the Constitution and those created by the legislature. In regard to the former, all legislation must remain within the constitutional limitations. As to the latter, the legislature has the supreme and unlimited power to create, abolish or abridge the term of office of an incumbent or decrease his salary. State v. Douglas, 26 Wis. 428; State v. Von Baumbach,

12 Id. 312; Com'rs v. Jones, 18 Minn. 202; Taft v. Adams, 3 Gray, 13C; People v. Squires, 14 Calif. 13; People v. Banvard, 27 Id., 475; Hedderich v. State, 101 Ind. 564; Cooley Const. Lim. 277. Sections 3 and 4, Art. 16, Const., are not a limitation upon the power of the legislature over offices created by it, but apply only to those offices created by and named in the Constitution. State v. Smith, 52 N. W. 700; State v. Archibald, (N. D.) 66 Id. 234; State v. Kalb, 6 Id. 558; State v. Douglas, *supra*; People v. Banvard, *supra*; People v. Haskell, 5 Cal. 359; *In re* Bulger, 45 Id. 553; State v. Covington, 29 Ohio St. 102; Dibble v. Merriman, 52 Conn. 214. Where there is no definite and fixed term of office, even though the laws specify that the removal must be for cause, the executive action is not reviewable by the courts, though the removal be arbitrary and without notice. Newsom v. Cocke, 44 Miss. 352; State v. Johnson, 11 So. 852; State, *ex rel.* Holmes v. Shannon, 7 S. D. 327; State, *ex rel.* Dickson v. Williams, 6 Id. 127; Conklin v. Cunningham, 38 Pac. 170; Cameron v. Parker, 38 Id. 14.

*Horner & Stewart,* for defendant.

The insurance commissioner is a state officer. Chap. 69, Laws '97; State *ex rel.* Holmes v. Dillon, 90 Mo. 229; 23 Am. & Eng. Encyc. Law, 105; Throop, Pub. Off., § 29; Anderson's Law Dict., p. 29; State v. Hocker, 22 So., (Fla.) 721; State v. Peele, 121 Ind. 495; Burch v. Hardwicke, 32 Am. Rep. 40. And as such state officer liable to impeachment. Sec. 3, Art. 16, Const.; Cooley, Const. Lim., 76 and note; State v. Hocker, *supra*; Sec. 3. Chap. 101, Laws 1889. The remedy by impeachment is exclusive. Cooley, Const. Lim., 78; State v. Miller, 3 N. D. 433; State v. Shannon, 7 S. D. 319; Lowe v. Com., 3 Metc., (Ky.) 237; Brown v. Grover, 6 Bush,, (Ky.) 1; Com. v. Williams, 79 Ky. 42; 42 Am. Rep. 204; Throop, Pub. Off., § 341; Mech., Pub. Off., § 452; Com. v. Gamble, 62 Pa. St. 343; State v. Gilmore, 20 Kan. 551; State v. Draper, 50 Mo. 353; State v. Thomas, 10 Kan., 191. The constitution gives the governor no power of removal, nor does it give the legislature any power

to confer upon him this power of removal. Dullam v. Willson, 53 Mich. 392; Stockwell v. Board, 22 Id. 341; Lamb v. People, 3 Colo. App. 106. An appointee by the governor, made by and with the consent of the senate, cannot be removed by the governor alone. People v. Freese, 18 Pac. 812.

CORSON, P. J. The legislature, at its session in 1897, passed an act entitled "An act to provide for the creation of the office of commissioner of insurance, and defining the duties thereof," which was approved March 5, 1897, and constitutes Chapter 69, Laws 1897. This act creates the office of commissioner of insurance, defines his duties, fixes his salary, and, by the fifth section; provides as follows: "The governor shall appoint by and with the consent of the senate a commissioner of insurance, who shall hold his office for a term of two years, unless sooner removed by him." Under the provisions of this act, John H. Kipp, the defendant was appointed, to that office by the governor, by and with the consent of the senate; and on July 1, 1897, he entered upon the discharge of its duties, and has ever since continued to perform the same. On February 9, 1898, the governor caused to be served upon said defendant a notice of his removal from said office. The governor thereafter, on Febrnary 10th, appointed the relator, Thomas H. Ayers, to said office, and he thereupon qualified by taking the prescribed oath, and executing and filing the required bond. On the same day, the relator demanded of the defendant possession of said office, the books, papers, and seal of the same, which demand the defendant refused to comply with. On the application of the relator, this court, in the exercise of its original jurisdiction, made an order requiring the defendant to show cause why a peremptory writ of mandamus should not issue commanding him to deliver to said relator the said office, books, papers, and seal thereof. On the return day of the order to show cause the defendant, for cause why the writ should not issue, filed an answer in which he admitted the material facts stated in the

affidavit of relator, except that he was legally removed, and that the relator was legally appointed to the office. He also alleged that he had not been impeached, as provided in Section 3, Art. 16; had not been guilty of any of the acts made causes for removal by Section 4, Art. 16, of the State Constitution; had not been served with notice of any charges made against him; had not been given a hearing upon any charges whatever, either by the governor or any other person; that the relator was ineligible to hold the office; and that the order made by the governor was without authority, illegal, and void. Upon this answer the defendant moved the court to dismiss this proceeding, for the reason that the title to the office was involved and title to the office could not be tried in a mandamus proceeding. the motion was denied. While it is true that the title to an office cannot be tried in a mandamus proceeding, the prima facie right of a party holding a certificate of election or commission from an officer or tribunal authorized to issue the same, to be placed in possession of the office, books, papers, and seal of the same, is well settled. Driscoll v. Jones, 1 S. D. 8, 44 N. W 726; State v. Archibald (N. D.) 66 N. W. 234; Bridges v. Shallcross 6 W. Va. 562; Conklin v. Cunningham (N. M.) 38 Pac. 170; State v. Johnson (Fla.) 11 South. 845; Cameron v. Parker (Okl.) 38 Pac. 14; High, Extr. Rem. §§ 73–76; Merrill, Mand. §§ 142, 152, 154.

But the only question to be tried in such a proceeding is the *prima facie* right to the possession of the office, and the jurisdiction of the court to determine that question cannot be affected by an attempt to raise issues by the answer, not material to the determination of such prima facie right. The court therefore disregarded all allegations in the answer tending to raise such immaterial issues. The only questions properly before the court are questions of law, except as to the sufficiency of relator's appointment. The only objection made to the appointment of relator that we deem it necessary to consider is as to the approval of the bond of relator. This bond

was only approved by the governor and secretary of state.
Section 7 of the act referred to provides that the bond shall be
approved by the governor, secretary of state and attorney gen-
eral.    The approval of the bond by two of the persons desig-
nated was sufficient, under the provisions of Section 4765, Comp.
Laws, which reads as follows: ''Words giving a joint authority
to three or more public officers or other persons, are construed
as giving such authority to a majority of them, unless it is
otherwise expressed in the act giving the authority.'' We shall
assume therefore, without further discussion, that the appoint-
ment of the relator was regular, and *prima facie* entitles him to
the present possession of the office, if the legislature had the
power to vest in the governor authority to, in effect, remove
the defendant from the office.

The defendant contends that, assuming the legislature pos-
sessed the power to abridge his term of office, it has failed to
confer authority upon the governor to remove the defendant,
by the provisions of Section 5 of the act; that the clause ''shall
hold his office for a term of two years, unless sooner removed
by him,'' fixes the term for a period of two years, but is insuf-
ficient as an authority to remove the defendant or abridge his
term. We are of the opinion that the contention of the defend-
ant is untenable.    In our view, it is quite immaterial whether
the clause, in fact, authorized the governor to remove the de-
fendant, or is to be regarded as a limitation upon the term.
The term is not definitely fixed at two years, but at two years
unless the incumbent is sooner removed, and, when that event
occured, his right to the office ceased.    In other words, the ef-
fect of the clause is that the commissioner holds the office at
the pleasure of the governor, not exceeding two years.    In
People v. Whitlock, 92 N. Y. 191, the court of appeals of New
York says ''that the office was created by the legislature, and
they might abridge the term by express words, or specify an
event upon the happening of which it should end.  *  *  *
In this case the event specified by the legislature is removal by

the mayor,"—citing Conner v. Mayor, etc., 5 N. Y. 285; Long v. Mayor, etc., 81 N. Y. 425.    In State v. Mitchell, 33 Pac. 104, the supreme court of Kansas construed the tenure of railroad commissioners, fixed at three years, but subject to removal by the executive council, "as continuing in office the commissioners for the term of three years, unless sooner removed by the executive council." The intention of the legislature, in the case at bar, that the term of the commission should terminate at the pleasure of the governor, is too clear to admit of doubt; and we think the language used to authorize the governor to end the term at his pleasure, though not the most apt and appropriate, is sufficient to accomplish that purpose.

It is further contended that the clause of the section authorizing the removal of the defendant is in conflict with the provisions of Sections 3 and 4, Art. 16, of the State Constitution, and the governor's order, removing the defendant, was made without authority and was therefore void.    The two sections of the constitution referred to read as follows.

"Sec. 3.    The governor and other state and judicial officers except county judges, and justices of the peace, and police magistrates, shall be liable to impeachment for drunkenness, crimes, corrupt conduct, or malfeasance or misdemeanor in office; but judgment in such cases shall not extend further than to removal from office and disqualification to hold any office of trust or profit under the state.    The person accused whether convicted or acquitted, shall nevertheless be liable to indictment, trial, judgment and punishment according to law.

"Sec. 4.    All officers not liable to impeachment shall be subject to removal for misconduct, malfeasance or crime or misdemeanor in office or for drunkenness or gross incompetency, in such manner as may be provided by law."

It is urged by the defendant that the office of the commissioner of insurance is a state office, and that the defendant being a state officer, can only be removed from the office by impeachment.    Defendant further insists that if his office is not a

state office, under the provisions of Section 3, he is an officer, under Section 4, and can only be removed for one of the causes specified in that section. The relator contends that Section 3 only includes the state officers named in the Constitution, and is not applicable to officers created by the legislature, and that Section 4 only includes state and county officers, named in the Constitution, not included in Section 3. The relator further insists that, the office of commissioner of insurance having been created by the legislature, his term of office can be terminated in such manner as the legislature may prescribe, and that the office is wholly within the control of the legislature as to the term, mode of appointment, and compensation. We are of the opinion that the contention of the relator is correct. The rule of law is well settled that, except when the Constitution has imposed limits or restraints upon legislative power, it must be considered as practically absolute; and a legislative act, which does not encroach upon the powers apportioned to the other departments of the government, must be enforced, unless restrictions upon the legislative authority can be pointed out in the Constitution itself, or arise by necessary implication from some provisions of that instrument. Judge Cooley, in his work on Constitutional Limitations, quoted, with approval, the following from Sill v. Corning, 15 N. Y. 297: "The lawmaking power of the state recognizes no restraints, and is bound by none, except such as are imposed by the Constitution. * * * Its object is not to grant legislative power, but to confine and restrain it. Without the constitutional limitations, the power to make laws would be absolute. These limitations are created and imposed by express words, or arise by necessary implication." Cooley Const. Lim. (5th Ed.) 207.

Has the power of the legislature to create state officers, and prescribe the time and manner of their removal, been expressly limited by either Section 3 or 4, above quoted? If not, has the power to create such officers, and prescribe the time

and manner of their removal, been denied to the legislature, by necessary implication, by the provisions of either Sections 3 or 4? It cannot be claimed that either of these sections contains any express limitations upon the legislative power to create such officers, and prescribe the time, mode, and manner of removing from office the officers so created. Can we say, then, that there arises from the provisions contained in these sections, by necessary implication, any limitation upon the powers of the legislature to create such officers, and provide for their removal? We are of the opinion that there is not any such necessary implication. The framers of the constitution had provided in that instrument for all the state and judicial officers that they deemed necessary for the proper organization of the new state; and it is but reasonable to assume that by the expression "all other state and judicial officers," found in Section 3, they referred to such officers only as they had created and named in that instrument. To have included officers that might thereafter be created by the legislature, it would have been necessary to have expressly so provided. It may be true that the framers of the constitution may have contemplated that other state officers might be required by the exigencies of the public business, or might be deemed necessary by the legislature; but such officers would necessarily constitute an entirely different class of officers, whose tenure of office would be of but little importance to the public. We are forced to the conclusion that the framers of the organic law were, in Section 3, providing for the tenure of the state officers they had created and named in the constitution, and that they did not include or intend to include officers created by the legislature. State v. Hewitt, 3 S. D. 187, 52 N. W. 875. What has been said with reference to Section 3, applies with equal force to Section 4. The constitution not only provided for the necessary state officers, but it also provided for the usual county officers (Sec. 5, Art. 9), and provided for their election by the people. Th term "all officers," specified in Section 4 as not liable to im-

peachment, was, we think, clearly intended to mean county officers and such officers as were not, strictly speaking, state officers, but yet were designated in the constitution. Thus, we have a class of state officers only removable by impeachment; a class of state officers and county officers only removable for cause, but in such manner as may be provided by law; and a large class of township, municipal, district officers, and officers created by the legislature whose tenure of office and manner of removal are entirely within the control or the legislative power. The office of the commissioner of insurance comes clearly within the latter class, and the term of office of the incumbent may be terminated in such manner as the legislature may prescribe. The supreme court of North Dakota, in construing Section 197 of their constitution, which is the same as Section 4 of ours, reached the same conclusion. In State v. Archibald (N. D.) 66 N. W. 234, that learned court says: "Section 197 of the constitution has not taken away or impaired the power of the legislature to provide that any officer whose office is created by the legislature shall hold his office, not for any fixed time, but during the pleasure of the board or officer appointing him." The constitution of that state has a provision relating to impeachment the same as our Section 3, but that section was not referred to in the opinion in that case. The practice of the legislative and executive departments under these sections, while not binding upon this court, is, nevertheless, entitled to consideration. It appears from an examination of the various acts of the legislature that a large number of new offices have been created, in all of which some special provision for the removal of the incumbent has been made. But in no case has it apparently been regarded by that body or the state executive as necessary to observe the provisions of Sections 3 and 4 of Article 16; and hence the power of removal has been conferred upon the governor in various forms—in some for cause, and in others without cause.

In conclusion, we may state that we are clearly of the opinion that the provisions contained in the fifth section of the act

we have been considering, providing for the termination of the term of office of the commissioner of insurance by removal by the governor, is constitutional, and that, upon notice of such removal by the governor, the office became vacant, and that the commission issued to the relator *prima facie* entitles him to the possession of the office.    A writ of peremptory mandamus will therefore be issued to place relator in possession of the office.