PEOPLE ex rel. NOYES v. BOARD OF EDUCATION OF CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

SCHOOLS—SUPERINTENDENT—TERM OF OFFICE—ELECTION—STATUTES.

Rochester City Charter, § 127, as amended by Laws 1897, c. 784, § 28, empowered the board of education to appoint a city superintendent of common schools in the month of June in every even-numbered year for two years from the 15th of the succeeding July. The Dow law (Act April, 1898), repealing all acts inconsistent therewith, and taking effect December 19, 1898, gave the board of education power to appoint a superintendent of schools for the term of four years, and declared the board should enact regulations for the exercise of its powers. Laws 1892, c. 681, § 27, declares that one appointed to fill a vacancy in a public office shall hold office for the balance of the unexpired term. *Held*, that where the board of education of Rochester appointed relator superintendent of common schools in June, 1898, for two years, and on December 19, 1898, adopted a resolution, pursuant to the Dow law, that they should at their first meeting in June, 1899, elect a superintendent of schools for four years, and on such date relator resigned, and was immediately elected

superintendent for four years, his term was for four years, and not for the balance of the term under his former election.

Appeal from special term, Monroe county.

Certiorari by the people, on the relation of Milton Noyes, to the board of education of the city of Rochester. From an order allowing the writ, respondent appeals. Affirmed.

By section 127 of the charter of the city of Rochester, as amended by section 28 of chapter 784 of the Laws of 1897, the board of education of that city was empowered to appoint a city superintendent of common schools in the month of June in every even-numbered year, whose term of office should continue for the period of two years from and including the 15th day of July next after his appointment. Thereafter, and in the month of June, 1898, in pursuance of the power and authority thus conferred upon it, the board appointed the relator to the office of city superintendent for the term of two years from the ensuing 15th day of July, which term, had the appointee continued to serve, would have expired on the 15th day of July, 1900. In April, 1898, the legislature, by an enactment which is known as the "Dow Law," revised and amended title 6 of the city charter, which relates to the common schools and the powers and duties of the board of education of that city. Laws 1898, c. 660. By subdivision 5 of section 127 of the charter, as thus amended, authority was conferred upon such board to appoint "a superintendent of schools whose term of office shall be four years"; and by subdivision 8 of the same section the board was further empowered, "subject to the provisions of law and of this act, to enact rules and regulations  *  *  *  for the proper execution of all powers vested in it by law, and for the promotion of the welfare and best interests of the public schools and public school system of the city in the matters committed to its care." This enactment, by its terms, took effect on the 1st day of December, 1898, and expressly repealed all acts or parts of acts inconsistent therewith, except chapter 38 of the Laws of 1898, which relates simply to the employment of teachers in the public schools. Pursuant to the authority conferred by subdivision 8 of section 127, above referred to, the board of education on the 19th day of December, 1898, adopted certain rules and regulations, among which were the following, viz.:

"Section 1. The board shall, at the first regular meeting in June, 1899, and every four years thereafter, elect by ballot a superintendent of public schools.

"Sec. 2. The term of service of said superintendent shall be four years from and including the fifteenth day of the succeeding July.

"Sec. 3. To be eligible to the position of superintendent, an applicant must be a graduate of a college or university recognized by the regents of the state of New York, together with at least ten years' successful experience as a practical educator."

"Sec. 6. Any officer, principal or teacher in the employ of the department of education on April 30, 1898, shall be exempt from the conditions as to qualifications or eligibility imposed by these rules."

Subsequently, and on the 5th day of June, 1899, at a regular meeting of the board of education, which was its "first regular meeting" in that month, the relator resigned the office of superintendent of schools, and such resignation was thereafter duly accepted by the board. Immediately upon the announcement of this result the board proceeded to elect a superintendent "for the term of four years," and the ballots of all the commissioners present, 17 in number, were cast for the relator, who was thereupon declared elected, and he thereafter duly qualified and entered upon the discharge of his official duties. On the 19th day of April, 1900, the legislature again amended title 6 of the city charter, by providing, among other things, that "any teacher, officer or employee serving in the department of education at the time of the passage of this act, who was elected or appointed to the position now held, for a definite term, shall be entitled to continue and serve in such position or office during the remainder of such unexpired term; but the rate of compensation paid to such teacher, officer or employee at the time of the passage of this act shall not be increased or diminished during the remainder of such unexpired term." Laws 1900, c. 535, § 8, subd. "i." Prior to the 1st day of

January, 1900, the board of education consisted of 20 members, but upon that date its membership was reduced to 5; and on the 2d day of July, 1900, at a meeting of the board as thus constituted, a resolution was adopted declaring that the relator's term as superintendent would expire on the 15th day of that month, and that at the expiration of that date his office would be deemed vacant. Subsequently the secretary of the board informed the relator that he had been directed by the president to demand from him the keys and other articles in his possession belonging to the municipality, whereupon the relator applied for and obtained an order to show cause why a writ of certiorari to review the action of the board should not issue. This order was returnable at a special term, which directed the writ to issue, and from that order this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

P. M. French, for appellant.

John A. Barhite, for respondent.

ADAMS, P. J. The return to the writ in this case traverses none of the essential facts set forth in the petition, and we shall, therefore, in compliance with the request of counsel for both parties, as expressed in a stipulation annexed to the record, proceed to the consideration of the sole question we are asked to determine; and that is whether or not the relator's term of office as superintendent of public schools of the city of Rochester, under his last appointment, expired on the 15th day of July, 1900. If it did, of course the writ should be dismissed, but otherwise the order allowing the same should be affirmed. Manifestly the answer to this question must depend upon the force and effect to be given to the act of 1898 known as the "Dow Law"; for, in the view we are disposed to take of the case, the amendment of 1900 requires but little, if any, consideration. It is conceded by both counsel that the Dow law did in effect, if not in express terms, repeal chapter 784 of the Laws of 1897, under which the relator was first elected or appointed superintendent, and such is unquestionably the fact; for, aside from the intention to repeal, as expressed in the repealing clause, the later enactment was obviously designed as a substitute for title 6 of the charter of the city of Rochester, which related to the public schools, and defined the powers and duties of the school officers in that city. As a matter of fact, this enactment accomplished a complete revision and established a practical codification of the public-school system of the city. It changed the title of the superintendent, enlarged his powers, and imposed upon him new duties and responsibilities. In like manner it defined with much minuteness the powers and duties of the board of education, and created several new offices which were unknown to the old law; and from the time it went into effect, viz. December 1, 1898, it was the law, and the only law, under which the schools of the city were or could be conducted. Under its provisions it became competent for the board of education to appoint a clerk or secretary, as well as a general librarian, both of which positions were formerly held by the superintendent; and in virtue thereof it was also empowered to enforce performance by the superintendent of the additional duties and re-

sponsibilities cast upon him. Now, in view of the situation as thus briefly outlined, what power to fill vacancies in the office of superintendent resided in the board on the 5th day of June, 1899? A vacancy certainly existed on that day, and it became the duty of the board to supply that vacancy by appointing a superintendent to serve for either a full or an unexpired term. This much no one denies, but it is contended that, in assuming to fulfill this duty by appointing a superintendent for a full term of four years, the board exceeded its powers, and thus we are confronted with the vital question in the case, viz. can the relator, whose appointment was made at the time and under the circumstances hereinbefore detailed, serve for a full term of four years, or only for the unexpired term of his predecessor? It is conceded by the learned counsel for the appellant that the legislature might have abolished the office of superintendent, but it is insisted that it has not done so, and in this he is doubtless literally correct; for there is nothing in the Dow law which in express terms either abolished the office or extended the term of the occupant thereof, but it did change the title of the office from "City Superintendent of Public Schools" to that of "Superintendent of Schools," and it likewise declared that the tenure of that office should thereafter be four years, instead of two. Moreover, it expressly provided that the new act should go into effect on the 1st day of December following its enactment, and that when it did thus go into effect it should, with one immaterial exception, take the place of all existing laws relating to the same subject. In these circumstances, we do not see why it is not made perfectly apparent that it was the design of the legislature that the old order of things should be superseded by a more elaborate, comprehensive, and systematic form of school government, and that the new system, in all its details, should go into operation at the time specified in the act. It is a rule of statutory construction which is almost fundamental in its nature that, where two statutes relating to the same subject are manifestly repugnant to each other, the older enactment must yield to, and be regarded as repealed by, the later one. People v. City of Brooklyn, 69 N. Y. 605; Lyddy v. Railroad Co., 104 N. Y. 218, 10 N. E. 155; In re New York Institution for Instruction of the Deaf and Dumb, 121 N. Y. 234, 24 N. E. 378; Stack v. City of Brooklyn, 150 N. Y. 335, 44 N. E. 1030. The rule as above stated is applicable even where the later statute contains no express repealing clause; but it is hardly necessary to invoke it in the present instance, because, as we have seen, the legislature left no room for conjecture as to its intention, as it in express language substituted the new system for the old. It is insisted, however, that, even conceding this to be so, the term of office of the superintendent could not be abridged until the expiration of the term for which the relator was originally appointed, and consequently that when a vacancy occurred in the office the new appointee could only serve during the unexpired term of the previous incumbent. This contention, if we correctly apprehend the position of the learned counsel, is based upon that provision of the public officers law which declares that:

"If an appointment of a person to fill a vacancy in an appointive office be made by the officer or by the officers, body or board of officers, authorized to make appointment to the office for the full term, the person so appointed to such vacancy shall hold office for the balance of the unexpired term. * * *" Laws 1892, c. 681, § 27.

But this provision is a general one, and one which is designed to furnish a method by which vacancies in office not otherwise expressly provided for by statute can be filled. It has no application, however, to cases like the one under consideration, where the statute creating the office has been repealed, and the right to hold the office does not survive the repeal. It is sometimes said that the occupant of a public office has a vested right therein, of which he cannot be deprived; but this is not a correct statement of the law, for public offices are not created for the benefit of the incumbent, but for the public, and the power which creates the office, whether it be constitutional or legislative, may also terminate it. Conner v. City of New York, 5 N. Y. 285; People v. Roper, 35 N. Y. 629–639. In the present case, as we have seen, the legislature, while not in express language abolishing the office of city superintendent of common schools, has in effect done so, by providing an entirely new governmental system for the public schools of the city of Rochester, to be carried on under the supervision of a "superintendent of schools," whose term of office shall continue for four years, and by authorizing the board of education of that city to enact proper rules and regulations for the proper execution of all powers vested in that body. This law was in effect when the relator resigned his office, and consequently when it became necessary to appoint his successor we think the board of education was forced to act under the existing statute, and in accordance with the rules and regulations for its execution which they had adopted. Long v. Mayor, etc., 81 N. Y. 425; People v. Whitlock, 92 N. Y. 191. Such being the case, it follows that the relator's appointment was for a full term, and not for an unexpired one; and, if we are correct in this view, it becomes unnecessary to determine whether the act of 1900 is valid or invalid, or what effect, if any, it has upon the statute which it purports to amend. It is, of course, perfectly apparent that the relator's purpose in resigning his office at the time and under the circumstances he did was to gain the advantage of an appointment for a longer term under the Dow law; and, whatever view we might be disposed to take of the propriety of such action upon the part of the responsible head of the educational department of a populous city, we are constrained to dispose of the present appeal upon strict legal principles, uninfluenced by other considerations, and in so doing to affirm the order appealed from.

Order affirmed, with $50 costs and disbursements. All concur.