*In the matter of the Petition of* GEORGE T. HINKLE *for a Writ of Habeas Corpus.*

1. MUNICIPAL TOWNSHIPS *May be Abolished.* The legislature has the power to abolish or destroy a municipal township; and when the township is abolished or destroyed, the township officers must go with it.

2. ———— There can be no *de facto* officer where there is no office to fill.

## *Original Proceedings in Habeas Corpus.*

PETITION filed in this court on January 26, 1884, on behalf of *George T. Hinkle,* for a writ of *habeas corpus.* The case is submitted upon the following agreed statement of facts:

"It is agreed by and between the plaintiff and the defendant, (the plaintiff by M. W. Sutton and E. H. Gryden, his attorneys, and the defendant by James T. Whitelaw, county attorney of Ford county, and A. J. Abbott and George E. Morgan assisting,) that the court may determine the legality of plaintiff's restraint upon the following statement of facts, the presence of the plaintiff and defendant being waived on account of the great expense attending their coming before the court:

"Plaintiff is restrained of his liberty by the defendant by virtue of a commitment in due form (in default of bail) issued by one J. H. Pierce, upon a complaint charging said plaintiff with maintaining a nuisance, contrary to the prohibitory law of the state of Kansas. The said John Stevens and J. H. Pierce claim to be respectively constable and justice of the peace. The said J. H. Pierce and the defendant, John Stevens, were duly elected justice of the peace and constable respectively, at the regular township election in February, in the year 1883, in and for Sequoyah township. They duly qualified for their respective offices and entered upon the discharge of their duties according to law, and are now and were at the time of the issuance of the said commitment, acting as such officers in Finney county, an unorganized county of the state of Kansas. Finney county, as formed and bounded by law, was before and at the commencement of these proceedings composed in whole or in part of the territory of the following-named unorganized counties, to wit, all of the territory of Sequoyah county and a part of the territory of Gray, Kearney and Lane counties respectively; and said named counties were

all duly organized municipal townships, with a full set of township officers, together with justices of the peace, all duly elected, qualified and acting at the date of the issuance of said commitment, and are so still acting.    By reason of the taking of the territory of the said different unorganized counties, municipal townships as aforesaid, into said Finney county, there are now in Finney county two full sets of township officers and a part of the township officers a third set, including five justices of the peace, all claiming to be legal officers and acting as such.    Said Sequoyah township at the time of the said election in February, 1883, was an unorganized county of the state of Kansas, and a duly organized municipal township of Ford county, Kansas.    Finney county is an unorganized county of the state of Kansas, and is not now and has not been since its formation and creation an organized municipal township of any county of said state; and the municipal townships of Kearney and Gray, as the same existed prior to and at the formation of Finney county, had outstanding debts that still remain unpaid."

The opinion herein was filed at the April, 1884, session of the court.

*M. W. Sutton*, for petitioner.

*James T. Whitelaw*, county attorney, *A. J. Abbott*, and *George E. Morgan*, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The justice of the peace issuing the process under which the petitioner is held, was a qualified and acting justice of the peace of Sequoyah county, a municipal township of Ford county, under the provisions of §§ 31 and 32, ch. 72, Laws of 1873, at the time of the passage of the act changing and defining the boundaries of the counties of Hodgeman, Hamilton, Finney, Ford and others, approved February 21, 1883.    By § 2 of that act, the county of Finney was formed and bounded in whole or in part of the territory composing the following unorganized counties, viz: All of the territory of Sequoyah county and a part of the territory of Gray, Kearney and Lane counties.    By § 7 of

that act,.§ 31 of ch. 72 of Laws of 1873 was repealed. The provisions of said. § 31 involved in this controversy, so repealed, are as follows:

"That so long as any one of the unorganized counties in the state shall be attached to an organized county for judicial purposes, it shall constitute and form one of the municipal townships thereof, and as such shall be entitled to township officers and all things pertaining to the rights and privileges of a township, and be subject to the same regulations and liabilities as other townships of such county, and its electors shall be deemed legal electors of the county to which it is attached, and the officers of the county to which it is attached shall have the same power and perform the same duties, in reference to such attached county, as they have from the municipal townships of their own county."

With. the creation of Finney county, Sequoyah county ceased to exist; and by the repeal of said § 31, ch. 72, Laws of 1873, Sequoyah township, as a township, also ceased to exist. After the repeal of said § 31, the unorganized counties of the state, although attached to an organized county for judicial purposes, no longer constituted or formed municipal townships. By the repeal of said § 31, such unorganized counties were deprived of township officers and of the rights and privileges of a township.

The legislature clearly has the power, directly or through the action of the board of county commissioners of a county, to abolish or wipe out townships; and having this constitutional power, the effect thereof may be to oust the officers of a township so abolished or destroyed from office before the expiration of their term. This would also include the contitutional power to abolish the office of justice of the peace in a township so destroyed. So it is not true, as contended for by the counsel resisting this application, that a justice of the peace may not be ousted from his office before the end of his term. The constitution provides that two justices of the peace shall be elected in each township,. and that their term of office shall be two years—that is, they may continue officers of such township for two years. If there be no town-

ship, there are no township offices to fill; and if there are no township offices, there can be no justice of the peace within such territory. When a township is abolished or destroyed, there are no township offices left, for there is neither a constitutional nor a statutory office to fill. When a township is destroyed, the township offices must go with it. (See *Division of Howard County*, 15 Kas. 194; *Hagerty v. Arnold*, 13 id. 367.) The mere exercise of the functions of an alleged office will not be sufficient to make a person either a *de jure* or a *de facto* officer.

From considerations of public policy, the acts of a *de facto* officer are valid and binding as to the public and third persons; yet where there is no office, constitutional or statutory, a person, by pretending to exercise an office unknown to the law, cannot be deemed to be an officer *de facto*. There can be no *de facto* officer where there is no office.

The case of *Borton v. Buck*, 8 Kas. 302, and §§ 48 and 49, ch. 110, Comp. Laws of 1879, have no application. By the repeal of said § 31 of ch. 72, municipal townships in unorganized counties were wholly wiped out. (Laws of 1883, ch. 70, § 7; Laws of 1873, ch. 72, § 31.)

As neither the justice issuing the process under which the petitioner is restrained of his liberty, nor the constable who has the custody of him, are officers of any municipal township, *de facto* or otherwise, such restraint is wholly illegal. If the repeal of said § 31, ch. 72, Laws of 1873, by the legislature of 1883, was the result of hasty legislation, the same legislature, at its special session, has attempted to repair the wrong by attaching Finney county to Ford for judicial purposes, and by reënacting substantially the provisions of said § 31. (Laws of 1884, pp. 20, 21.)

The petitioner will be discharged.

All the Justices concurring.