*In the Matter of the Petition of* EVERETT WOOD *for a Writ of Habeas Corpus.*

1. COUNTIES OF CLARK AND MEADE; *Act, Partly Void.* That portion of ¿ 2 of chapter 119 of the Laws of 1885, "An act to regulate the terms of court in the sixteenth judicial district, and repealing all acts in conflict herewith," which provides that the unorganized counties of Clark and Meade shall be attached to the county of Comanche for judicial purposes, is not expressed in the title to the act, and is unconstitutional and void.

2. DETACHING TERRITORY; *Ouster of Township Officers.* The action of the legislature in detaching territory from an organized county, and including it within an unorganized county which is not attached to an organized county for judicial purposes, will operate to abolish any township organization existing upon the detached territory, and to oust from office all township officers, including justices of the peace, resident therein.

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus* was filed in this court on November 4, 1885, in which it was represented that the petitioner, *Everett Wood,* is held in custody by the sheriff of Ford county by virtue of a commitment issued by one John Jobling, claiming to be a justice of the peace of Meade county, Kansas, in pursuance of a preliminary examination upon a charge of the murder of one Widmer, in Meade county. The restraint of the petitioner is alleged to be illegal, for the reason that Jobling was not, at the time of the issuance of the commitment, a justice of the peace of any county or municipal township. It is alleged that he claimed to be a justice of the peace of Meade county by virtue of having been elected a justice of the peace of Crooked Creek township, of Ford county, Kansas, at the annual township election in February, 1885, but that a part of the territory of said township, including the residence of John Jobling, had since said election been detached from Ford county and incorporated within the boundaries of the county of Meade, and that Meade county had been created since the election of the said Jobling. It is further alleged, that the county of Meade is an unorganized

county of the state, and is not attached to any county for judicial purposes, nor is it included within the boundaries of any judicial district of the state, or attached to any judicial district for judicial purposes. The case is submitted upon the following agreed statement of facts:

"It is hereby agreed, for the purposes of trial of the *habeas corpus* case of Everett Wood before the supreme court of the state of Kansas, that a complaint was filed before one John Jobling, formerly a justice of the peace, duly qualified and acting, of Crooked Creek township, Ford county, Kansas; that said justice of the peace was elected in February, 1885; that upon said complaint a preliminary examination was had, and the said Everett Wood was committed to the jail of Ford county to answer to the charge of murder in the first degree. No objection is made to the sufficiency or formality or place of the commitment. It is further agreed, that the act defining the boundaries of Meade county includes within the limits of that county that portion of Crooked Creek township in which the said John Jobling resides now, and that his residence is the same as it was when elected as such justice of the peace; that no election for township officers was held in said Meade county prior to the preliminary examination; that said John Jobling acted as justice of the peace on said preliminary examination by virtue of his election as justice of the peace of Crooked Creek township, Ford county, held in February, 1885. The certificate of the county clerk of Comanche county, together with the affidavit of the said John Jobling, justice of the peace, is hereto attached, and made a part of this agreed statement of facts."

The certificate referred to in the above statement is as follows:

"STATE OF KANSAS, COMANCHE COUNTY, ss.: I, Frank A. Holmes, county clerk within and for said county and state, do hereby certify that Meade county, Kansas, is attached to Comanche county, Kansas, as a township; and I further certify that no township officers have been appointed or elected for said township." (Signed.)

The following is the affidavit of John Jobling, mentioned in the agreed statement of facts:

"STATE OF KANSAS, FORD COUNTY, ss.: John Jobling, of lawful age, being duly sworn, on oath says: That he is the

John Jobling who, as justice of the peace, committed Everett Wood for the offense of murder committed in Meade county, Kansas, on the 16th day of September, 1885; that at the township election in February, 1885, he was elected as justice of the peace of Crooked Creek township, Ford county, Kansas, in which township he then resided; that the act of the legislature of the state of Kansas that created the county of Meade, defined and bounded said county so that it included within its limits a portion of the territory of Crooked Creek township, Ford county, Kansas, and that portion of Crooked Creek township in which this affiant then and since resided; that he claims to hold such office by virtue of said election in February, 1885." (Subscribed and sworn to.)

The opinion herein was filed February 5, 1886.

*M. W. Sutton*, for petitioner.

*S. B. Bradford*, attorney general, and *Peters & Lathy*, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: In 1873 the county of Meade was created, and its boundaries defined. (Comp. Laws of 1879, ch. 24, § 63.) It remained an unorganized county from that time until 1883, when by an act of the legislature it was abolished, and its territory included within the boundaries of the organized county of Ford. (Laws of 1883, ch. 70, § 3.) The territory thus brought within Ford county, or a portion of it, was organized and became Crooked Creek township of Ford county, and at the annual township election in February, 1885, John Jobling, who issued the commitment under which the petitioner is now held, was elected as justice of the peace of that township. Shortly after his election, and at the biennial session of the legislature in 1885, the county of Meade was recreated, and its boundaries defined so as to include that portion of Crooked Creek township in which the justice of the peace resided. (Laws of 1885, ch. 71, § 2.) After Meade county was thus created, and while John Jobling was a resident thereof, a complaint was made to him in which the petitioner was charged with having killed one Widmer, in Meade

county, on September 16, 1885; and Jobling thereupon issued a warrant, under which the petitioner was arrested and brought before him. A preliminary examination was had, when the petitioner was committed for trial, under which commitment he is now held. The question arises whether Jobling had any authority to cause the arrest, examination and commitment of the petitioner. The answer to this question depends upon whether he was a justice of the peace of Meade county at the time the proceedings were had and the commitment issued. It is agreed that the only authority under which he acted was by virtue of his election in February, 1885, as a justice of the peace of Crook Creek township, in Ford county, and also that the proceedings were taken, and the commitment issued, subsequently to the action of the legislature in detaching the territory upon which the justice resided from Ford county, and in creating Meade county. By this action the newly-created county of Meade became an unorganized county, with the same status and subject to the same rules as the other unorganized counties of the state. That Meade county had once before existed, cannot affect the status of the new county. Before it could have a municipal organization as a township, and be entitled to township officers, it must have been attached to an organized county for judicial purposes. If it was not a municipal township, there could not be any township officers. That the justice of the peace resident upon the detached territory may have been elected for a term of two years, which term had not yet expired, will avail him nothing unless the municipal organization is maintained. It has already been decided that the legislature has power to abolish such a municipal organization, and thereby the township offices, and that the effect of such action will be to oust from office any township officer and justice of the peace within such township. (*In re Hinkle*, 31 Kas. 712.) It is admitted that since the creation of Meade county, in 1885, there has been no attempt to attach it to the county of Ford, where the petitioner was committed for trial. By § 2 of ch. 119 of the laws of 1885, the legislature undertook to attach it to Comanche county, and

thus provide for Meade county a municipal organization. It is contended upon the part of the petitioner that the legislature failed to accomplish its purpose, for the reason that that portion of the act which enacts that the counties of Meade and Clark shall be attached to the county of Comanche for judicial purposes, is in conflict with § 16 of art. 2 of the constitution, which provides that "no bill shall contain more than one subject, which shall be clearly expressed in its title." The act was entitled "An act to regulate the terms of court in the sixteenth judicial district, and repealing all acts in conflict herewith." The title is quite narrow in its scope, and as will be seen, indicates nothing beyond the regulation of the terms of court which shall be held in that judicial district. By the other provisions of the act, it appears that the counties of Clark and Meade are not included within the sixteenth judicial district, and that portion of § 2 of the act, the validity of which is challenged, provides for attaching those counties to an organized county within the nineteenth judicial district. In effect it would extend the limits of a county lying outside of the district mentioned in the title of the act. The subject-matter of this provision is so clearly extraneous and foreign to the title of the act, that no argument is required to make it appear. We must therefore hold the provision to be invalid, and that the county of Meade was not at the time when the commitment was issued attached to Comanche county, or to any other organized county of the state. It follows that the county had no municipal organization, nor any township officers, and that John Jobling, who assumed to act as a justice of the peace of that county, and who issued the process under which the petitioner is held, was without authority to do so. Justice need not be defeated, however, by the failure of the legislature to attach the county of Meade to an organized county. The county has been organized and officers elected therein, as we are informed. The petitioner may be arrested and taken before one of the justices of the peace of that county, and if he finds that an offense

*1. Clark and Meade counties; act partly void.*

*2. Detaching territory; ouster of township officers.*

has been committed, and that there is probable cause to believe the petitioner guilty, he may commit him for trial. Doubtless the legislature now in session will provide a court for Meade county, in which he may be tried.

The petitioner will be discharged.

All the Justices concurring.