## No. 12,319.

### STATE EX REL. ARMAND ROMAIN VS. BOARD OF SUPERVISORS OF ELECTION.

The judiciary is silent until the presentation of some real right in conflict opens its lips.

Therefore, where a candidate for office applies for a *mandamus* to compel the appointment of commissioners of election in his behalf, and the application is dismissed and an appeal taken to the Supreme Court, and if, when the case is submitted, the election has been held, the appeal will be dismissed.

APPEAL from the Civil District Court for the Parish of Orleans. *Théard*, J.

---

*W. S. Benedict* for Plaintiff and other Appellants.

---

*M. J. Cunningham*, Attorney General, *E. B. Kruttschnitt* and *F. C. Zacharie* for Intervenors, the Democratic Party, Appellees.

---

Argued and submitted February 20, 1897.
Opinion handed down March 1, 1897.
Rehearing refused April 12, 1897.

---

The opinion of the court was delivered by
McENERY, J.   The relator was a candidate for Congress.   He was

State ex rel. Romain vs. Board of Supervisors.

nominated by a nominating body of one hundred. He applied for representation at the polls in the distribution of commissioners allowed by the present election law. His claims to representation were resisted by what is called the Regular Republican organization and the Democratic party.

The nominating body of one hundred and the organization called the National Republican party joined in his application. The election officers decided that representation should be accorded to the two prominent political organizations, the Republican and Democratic parties.

The relator applied for a *mandamus* to the District Court to enforce his rights of representation.

On the plea of no cause of action the suit was dismissed. He has appealed to this court. All this was in November, 1896, preceding the election. The election has been held and the right of relator to his office has been transferred to one of the political bodies of the Federal government.

The question presented is purely an abstract one, which involves no right between the contending litigants. For this reason a motion has been filed to dismiss the appeal.

The motion must prevail.

The province of the judiciary is to interpret the law in every controversy of right which is brought before it. Its decree is final only in the case in controversy, and is applicable to all corresponding cases as a precedent.

It is incapable of determining feigned issues. In the instant case to construe the election law, where there is no right in the controversy, in which the opinion rendered could affect no one or be the basis of any effective decree, would be to render the court only a moot court for the examination and trial of political theories.

The reference of such cases to it is inconsistent with the institution of law. The fact that its acts are limited to the determination of controverted rights is evidence that to entertain feigned issues is beyond its power.

Vast changes and crises may follow in swift succession. Political order may be subverted, yet there may be no case involving in a special controversy the rights of contending litigants.

The judiciary is silent until the presentation of some real right in conflict opens its lips.

The appeal is dismissed.