(46 South. 130.)

No. 17,004.

TRICHE v. LABICHE et al.

(Feb. 19, 1908.)

1. ELECTIONS—PRIMARY ELECTION—CONTEST— "PARTY AGGRIEVED."

Where, on the hearing of a protest against a primary election, the parish committee canvassing the returns sustained the protest and ordered a new election, whereupon plaintiff, claiming to have been nominated, instituted proceedings against defendant to contest such ruling, in which defendant appeared and resisted plaintiff's claims, defendant could not object that plaintiff was not entitled to institute the proceeding, because he was not a "party aggrieved," within Acts 1906, p. 66, No. 49, authorizing the party aggrieved by the result declared by a parish committee to prosecute such proceeding, for the reason that defendant had not been declared the nominee, and therefore should not have been sued.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 273, 278; vol. 8, pp. 7569, 7570.]

2. SAME—ACQUIESCENCE IN DECISION.

Where a parish committee, canvassing returns of a primary election, sustained a protest, declared the election void, and ordered a new one, the fact that plaintiff, the majority candidate, thereafter made an unconditional deposit required for the new election did not constitute an acknowledgment of the correctness of the committee's decision, so as to preclude him from contesting it.

3. SAME—RIGHT OF CONTEST — REGISTRATION ROLL—POSSESSION.

Where an incumbent of the office of clerk of court was a candidate for re-election, he was not precluded from contesting an order of the parish committee setting aside a primary election at which he was nominated for such office, and ordering a new election, by the fact that he had taken to his house and kept there for several months the permanent registration roll; there being no evidence that he acted from an improper motive, or exercised any influence on the election, it also appearing that the original of the permanent roll was in the courthouse, accessible at all times for making out the poll books, and it not appearing that such books were made out differently from what they would

have been if the permanent roll had not been so removed.

**4. SAME—PROCEEDINGS—JOINDER OF PARTIES —TIME TO ANSWER.**

Acts 1906, p. 66, No. 49, regulating primary elections, provides for a contest on an order to show cause filed within 24 hours, and requires that the same be tried and decided by the trial court within 3 days after filing, and that it shall be decided on appeal within 5 days after decision in the lower court. On a contest plaintiff obtained an order to show cause, which was served on his opponent, but not on the chairman of the parish committee, by whom the order setting aside the election and ordering a new one had been made. Plaintiff, at the trial, on ascertaining that the answer filed had not been for all the defendants, asked leave to join the chairman of the committee, whereupon an order to show cause was issued and immediately served on the chairman, who was in court, and who thereupon employed the attorney who was representing the defendant to represent him. The chairman had no personal interest in the matter, and his only answer could consist of the grounds on which the committee had set aside the election. *Held*, that the court properly required him to answer instanter, notwithstanding his protest.

**5. SAME—RIGHT OF CONTEST—ORDER DECLARING NEW ELECTION.**

Acts 1906, p. 66, No. 49, regulating primary elections, prescribes the duties of a parish committee in canvassing the votes, and provides that any candidate feeling aggrieved at the result of the primary shall immediately file a written protest, and shall have the right to have the same reviewed by a court of competent jurisdiction, by an order to show cause, directed to the person declared by the committee to be the nominee, why the action of the committee should not be reversed, and the relief asked for granted, which proceeding shall be tried, and appeal taken in case the decision is unsatisfactory. *Held*, that such section is not limited to a case where the parish committee has declared some candidate to be the nominee, but confers jurisdiction of a proceeding to contest an order by the parish committee setting aside a primary election for alleged invalidity and ordering a new one.

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice Ellis Edrington, Judge.

Primary election contest by J. C. Triche against S. H. Labiche and others. Judgment for plaintiff, and defendants appeal. Affirmed.

See 45 South. 548, 120 La. 684.

John Curd Wickliffe, for appellants. Robert James Perkins and James Wilkinson, for appellee.

PROVOSTY, J. The plaintiff, J. C. Triche, and one of the defendants, S. H. Labiche, were the candidates for the office of clerk of court of the parish of St. Charles at the Democratic primary election on the 28th of January, 1908.

The Democratic parish committee met at the courthouse on January 31, 1908, for the purpose of canvassing the returns and promulgating the result, when S. H. Labiche, plaintiff's competitor, appeared before the committee and protested against the election, and asked the committee to order a new election, on the ground that the election of the 28th of January had not been legal.

The reasons assigned for the illegality of the election are precisely the same which were urged by Thomas B. Sellers, candidate for the office of sheriff, in a protest before the same committee on the same occasion with reference to the same election, which were considered by this court in the case of Madere v. Sellers (recently decided) 45 South. 735,[1] except that said reasons were assigned by Sellers only as against four of the five precincts of the parish, whereas Labiche assigned them against all five of the precincts.

The committee sustained the protest, and declared the election not to have been legal, and ordered a new primary to be held.

Act No. 49, p. 66, of 1906, is the law which regulates primary elections, and prescribes the forms and duties of the parish committee, and the course to be followed by a candidate having occasion to complain of any action on its part. Section 25 provides that the chairman of the parish committee shall receive the returns, and tabulate them, and at 12 o'clock on the third day after the election submit the result to the committee, which shall meet at the courthouse for that purpose, and that:

"Any candidate feeling aggrieved at the result of the said primary shall then and there file his written protest setting forth in detail, clearly and distinctly, his grievances, and the commit-

---

[1] 120 La. 812.

TRICHE v. LABICHE.

tee shall immediately proceed to hear and decide the same and proclaim the results of said primary, provided, however, that any candidate feeling aggrieved by the decision of the committee shall have the right to have same reviewed by a court of competent jurisdiction, and the procedure, trial and appeal shall be the same as hereinbefore provided for review of decisions rendered by committees in relation to nomination of candidates for state officers."

The provision here referred to with regard to state officers is contained in a preceding paragraph of the same section, and reads:

"Provided, however, that any candidate feeling aggrieved by the decision of the committee shall have the right to have same reviewed by a court of competent jurisdiction, and provided further that he shall, within twenty-four hours after the decision of the committee, apply to said court, which shall issue a rule requiring the person declared by the committee to be the nominee of the party to show cause, within forty-eight hours, why the action of the committee should not be reversed and set aside and the relief asked for granted, which rule shall be tried and decided, and the judgment therein signed, either in open court or at chambers, within three days thereafter. An appeal from such decision may be granted on simple motion without citation, and shall be heard on the original record and testimony and finally decided within five days from the rendition of the judgment of the court of first instance; and should case not be so finally decided on appeal within said delay, then the decision of said committee shall be final and effective."

On February 1, 1908—that is to say, in time—the plaintiff, Triche, filed his petition in the instant case for the review of the said action of the parish committee. He alleged the facts already herein stated, and alleged, further, that the said election had been legal and that the result of the vote had been as follows:

|  | Triche. | Labiche. |
| --- | --- | --- |
| First Ward | 60 | 33 |
| Second " | 81 | 30 |
| Third " | 4 | 26 |
| Fourth " | 40 | 13 |
| Fifth " | 2 | 27 |
| Totals | 187 | 129 |

—and that therefore he had received a majority of the votes at said election, and had been nominated.

And he prayed that the said Labiche, and the chairman and each of the members of the parish committee, be ordered to show cause on a day and hour to be fixed by the court why the action of said committee should not be reviewed and set aside, and the petitioner declared the nominee of the Democratic Party for the office of clerk of court.

The judge was absent from the parish. In his absence the deputy clerk of court made an order directing the defendants to show cause as prayed in the petition. The plaintiff was the clerk of court, and the deputy who made this order was his deputy. In response to the order, all the defendants appeared and filed exceptions and answers. On the return of the judge to the parish, the plaintiff applied to him for an order similar to that which had been signed by the deputy clerk. The judge refused, on the ground that the application came too late. The matter came to this court on appeal, and the judge was directed by this court to sign the order and he accordingly did so. See Triche v. Labiche (No. 16,989) 45 South. 548,[2] and Vial v. Elfer (No. 16,988) 45 South. 545,[3] on the docket of this court. The judge's order granting the rule to show cause reads:

"Let this petition be filed, and let Sidney H. Labiche et al. be ordered," etc.

Service of this order was accepted by S. H. Labiche, but was neither made on, nor accepted by, the other defendants. On the day on which the rule was made returnable, namely, February 13th, Labiche, through counsel, filed exceptions and an answer. The other defendants made no appearance. The trial was proceeded with, and evidence was heard on the exceptions. These were overruled, and thereupon, the case coming up for trial on the merits, the parties agreed that the same evidence should be considered as having been taken in it which had been taken in the case of A. Madere v. Thos. B. Sellers, the trial of which had just been completed, and which involved the same facts; the only difference

[2] 120 La. 684.   [3] 120 La. 673.

being that the contest there was over the office of sheriff.

Up to this point the counsel for plaintiff had been under the impression, it seems, that the counsel who represented Labiche was also representing the chairman of the committee and the other defendants, and that the answer which had been filed had been for all the defendants. Ascertaining, however, that such was not the fact, counsel for plaintiff asked leave to dictate immediately to the stenographer a motion and order requiring the chairman of the committee to show cause instanter why the relief asked for in the petition should not be granted, and asked, furthermore, that after taking down the dictation the stenographer should be allowed to retire and typewrite the motion and order for immediate service upon the said chairman. The counsel for Labiche protested vigorously against such summariness, but the court granted the request, and the stenographer accordingly retired. Thereupon the counsel for Labiche stated that he had just then been employed by the chairman of the committee, and that he protested against his client being required to appear and answer and try the case without having had time to consult with counsel and prepare his case. The judge stated that he did not want to deny to the chairman of the committee, Mr. Sellers, the right to be heard, but was willing to sit until 12 o'clock, "and all day to-morrow, and all day Saturday." Counsel for Sellers, chairman, then said that it was 3:15, nearly time for the arrival of the train which he was compelled to take to go to New Orleans for filing in the Supreme Court the record in the case of Madere v. Sellers, and that he was bound to be in New Orleans to appear before the Supreme Court in said case the next day, and that the earliest a rule could with justice be made returnable would be the following Monday. In the meantime the stenographer had returned

with the motion and rule, and same was signed by the judge and immediately served on Sellers, chairman, who was present in court. The court refusing to modify the order for cause to be shown instanter, Sellers, chairman, filed a protest in propria persona, declaring that he was unable to answer for want of time to consult with counsel and to prepare his defense. This not being an answer, the court called upon him to file an answer. It then developed that his counsel had left the courthouse and taken the train for New Orleans, and the judge concluded to allow him time until the next day to file an answer. The next day, at the opening of court, neither the chairman nor his counsel appeared. As, however, the counsel, before leaving, had given notice that he would apply to this court for writs of certiorari and prohibition, the judge waited, first, until after the recess hour, and then until 3:35 p. m., near the usual hour for adjournment, to be communicated with from New Orleans, and, hearing nothing, and the chairman and his counsel still failing to appear, he proceeded to render judgment in the case.

We pass, now, to the consideration of the grounds of exceptions, which, as already stated, were overruled.

The first exception is that of no cause of action. It will be noticed that Act 49, p. 66, of 1906, hereinabove quoted, provides that, when applied to by any person feeling aggrieved by any action of the committee, the court "shall issue a rule requiring the person declared by the committee to be the nominee of the party to show cause," etc. Defendant argues that he was not declared to be the nominee, and that, therefore, the petition shows no cause of action against him.

This means that defendant does not consider that he has any interest in the suit, and objects to having been brought into it, and would like to be left out. We dare say, if plaintiff had known that defendant took

so little interest in the matter, he would not have troubled him. But plaintiff, very rightly, we think, considered that defendant was the only real party in interest, and should be given an opportunity to be heard, and so he cited him. If defendant had really wished to be let out of the suit, there would have been, we imagine, no objection to granting a request coming from him to that effect; but defendant desired nothing of the kind, and the best evidence of it is the warmth with which he is prosecuting the present appeal.

The next ground of exception is that plaintiff has acquiesced in the decision of the committee ordering a new election; he having made the deposit required for this new election.

We find that the deposit was made conditionally, in case the court should decide that a new election should be held; and we will add that for so finding we need not go into any issue of veracity between the chairman of the committee, Mr. Sellers, and the messenger who carried the money to him. Plaintiff testifies that the only authority he gave to the messenger was to make a conditional deposit, and in that statement he is not contradicted by the messenger, who is the only other person who, in the nature of things, could know what authority was given. If, therefore, the messenger made an unconditional deposit, he did so without authority. Moreover, we do not think that the deposit, even if made unconditionally, would have been an acknowledgment of the correctness of the decision of the committee, or anything more than a proper precaution to take under the circumstances.

On the merits, the questions are precisely the same that were considered by this court in the case of Anthony Madere v. Thomas B. Sellers (No. 17,000, recently decided) 45 South. 735[1]; and we see no reason for adding

[1] 120 La. 812.

anything to what was there said, except that the learned counsel for defendant seems to consider that the act of plaintiff in taking to his house and keeping for several months the permanent registration roll under the grandfather clause of the Constitution should preclude him from prosecuting this suit. But why so, when it is not shown that the said act was prompted by any wrong motive, or exercised any influence whatever upon the election, since the original of the said permanent roll was at the courthouse and accessible all the time for making out the poll books, and it is not pretended that the poll books were made out differently from what they would have been if said permanent roll had not been at plaintiff's house?

We approve entirely the action of the learned judge a quo in requiring the chairman of the committee to show cause instanter. The proceedings were required to be of the most summary character. The suit had to be filed within 24 hours, tried and decided by the trial court within 3 days after filing, and decided on appeal within 5 days after decision in lower court. The chairman of the committee had no personal interest in the matter, and the state had no interest in the matter beyond such as could be safely left to the decision of the court upon a plain statement made by the chairman of the grounds upon which he and his committee had acted. The chairman knew then and there as well as he would ever know the grounds upon which he and his committee had acted in ordering a new election, and all he had to do was to state those grounds to the court. He had no need of counsel. But, if he had such need, he had already had the full benefit of it, since the counsel employed by him was the same who, as counsel for the other defendant in this suit, as well as in the Madere suit, had been defending the action of the committee. The chairman of the committee was the father of Thomas B. Sell-

ers, the contestee in the Madere suit, and had been present in court throughout the trial of that case, as well as of the present case, while the whole matter of the action of the committee was being thoroughly threshed out, and presumably had acquired all possible additional information attainable in regard to the reasons which had induced him and his fellow members of the committee to set aside the election and order a new election. From the standpoint of the chairman of the committee there was, we repeat, no need of doing more than making a fair statement of the matter to a fair judge. The state and the Democratic Party had no right to expect of him any more than this in the fullest performance of his duty. But, even if he had felt called upon, not simply to litigate the matter in a spirit of fairness, holding the scales even between the candidates, but in a spirit of contentiousness, still there was no need for further time, because the candidates interested in the matter—his son and the defendant in the present case and in the Vial Case—had already, with the assistance of able, zealous, indefatigable, and fearless counsel, made a thorough and exhaustive canvass and presentation of the matter, and he could in all safety content himself with simply adopting and indorsing what had thus been done. In fact, the judge a quo was satisfied, and this court is satisfied, that the granting of delay would not have contributed in the slightest degree towards the discovery of any further defense to be made in the present suit. So far as procuring further evidence was concerned, the judge was willing to grant for that purpose all the time the law would allow him to grant.

Judgment having been rendered by default against the committee, represented by its chairman, no defense of its action is before the court for examination, except in so far as it is contended that the lower court was, and this court is, without jurisdiction to pronounce any judgment in the matter. It is said that the only authority or jurisdiction the courts have in the premises is that conferred by Act No. 49, p. 66, of 1906; that without the said act the court would be without jurisdiction to interfere in the matter of an election within the ranks of a political party; and it is added that the said act confers no authority upon the courts to interfere, except when the committee has declared some candidate to be the nominee, and that in this case the committee has not taken such action.

That interpretation of Act No. 49 does not impress us. True, the statute apparently contemplates action by the courts only in case there is a nominee, since it declares that the court, when asked to review the action of the committee, shall issue a rule requiring the nominee to show cause; but it would not do, in our opinion, to put upon the statute an interpretation by which a person clearly nominated—one, even, whose election was conceded by his opponents—would be remediless against any arbitrary action of the committee, so long as no one was declared to be the nominee. The provision for a rule upon the nominee has application, in our opinion, only when there is a nominee. When there is no nominee, and yet ground of complaint, the committee itself must stand in judgment through its chairman.

Judgment affirmed.