On the Merits.
SOMMERVILLE, J.
Relator, a citizen of the state, and an elector of the Eifth dis *342 trict of the city of New Orleans, alleges that he was appointed November 15, 1912, by the Governor, to the office of recorder of the Third recorder’s court, city of New Orleans, to fill the unexpired term of B. W. Borne, resigned; that the mayor and commission council of the city of New Orleans, under the Act No. 159 of 1912, have located a recorder’s court in the Fifth district, of New Orleans, and have appointed T. P. Goff as the recorder thereof, but that relator holds and possesses the office of recorder under the provisions of Act No. 45 of 1896, and acts amendatory thereof, and by virtue of article 157 of the state Constitution; that the action of the mayor and commission council in appointing respondent recorder is unconstitutional, null, and void, and that respondent is an attempted intruder into said office; that Act No. 159 of 1912 is unconstitutional because in conflict with articles 50, 31, 319, and 320; and he asks that a writ of injunction issue restraining the mayor, members of the commission council, and Goff from interfering with him; that a writ of quo warranto issue directed to Goff, requiring him to show by what authority he exercises or claims to exercise the office of recorder of the Fifth municipal district of the city of New Orleans; that Goff be adjudged guilty of usurping and attempting to usurp said office; that he (relator) be decreed and adjudged entitled to hold and exercise said office until the electors of New Orleans shall elect his successor; that Act No. 159 of 1912, and specially sections 21 to 26, inclusive, be declared unconstitutional, and to have no effect upon the prior acts of the state relating and pertaining to recorders and recorders’ courts.
Writs of injunction were refused; but a writ of quo warranto was issued addressed to respondent Goff; but, after trial, it was recalled. Relator appeals.
Respondent Goff sets up many defenses in his return; and the other respondents adopted his return as theirs; but it is unnecessary to consider and dispose of them all here.
Relator’s commission, under which he claims office, is of date November 12, 1912, and he is therein appointed “recorder, Third recorder’s court, parish of Orleans.” There is not under Act No. 159, of 1912, p. 270, the present charter of the city of New Orleans; and there was not under Act 45 of 1896, p. 69, the former city charter, as amended by Act No. 109 of 1900, p. 171, and Act No. 84 of 1898, p. 109, a “Third recorder’s court, parish of Orleans.” The charters of that city, and the acts amendatory thereof, established the First, Second, Third, Fourth, and Fifth recorders’ courts in the city of New Orleans. The recorders were and are municipal officers, and not parish officers, although created by the Legislature, and provided for in the Constitution of the state. Since 1898, the Third recorder’s court has had jurisdiction over the Fifth district of New Orleans.
If relator’s commission may be applied to the Third recorder’s court of the city of New Orleans, as established by Act No. 84 of 1898, p. 109, as amended by Act No. 109 of 1900, p. 171, by which acts five recorders’ courts were established, then it (the office) has been abolished by the new city charter (Act No. 159 of 1912, p. 253 [270]), which provides in section 21, that:
“There shall be not less than three police courts in the city of New Orleans, to be known as the recorders’ courts.”
And in section 70:
“That all laws or parts of laws in conflict herewith be, and they hereby are, repealed,” etc.
The same act gives to the commission council the right to locate said courts, and to define the territorial jurisdiction thereof. The council, under this authority, December *344 2, 1912, located the Third recorder’s court in the Fifth district of New Orleans. And thus the recorder’s court, to which relator claims to have been appointed, passed out of existence. And respondent is discharging the duties of recorder of the Third recorder’s court established under Act 159 of 1912, and located by the commission council of New Orleans on December 2, 1912, to which office relator makes no claim. Relator cannot continue to discharge the duties of his office until his successor has been inducted into office, as the office which he claims has been abolished, and there are no duties for him to discharge.
[4] Relator’s allegation that he is the incumbent of the office is not sustained. We have seen that the Legislature has abolished the office he claims, as it had the right to do. It established in 1912 “not less than three police courts in the city of New Orleans, to be known as recorders’ courts,” to take the places of the five police courts theretofore established by it. .
Relator therefore does not hold the office of “recorder, Third recorder’s court, parish of Orleans,” or “city of New Orleans,” under a former charter of that city, because there is no such office; his appointment was to an office which is now defunct; .the appointment fell with the passing of the office; and respondent is not usurping or attempting to usurp such office, for the same reason. The writ of injunction to restrain defendants “from interfering with relator in the discharge of the duties or functions of the office of recorder of the recorder’s court of the Fifth municipal district of this city during the pendency of this action” was properly refused.
It is held in Long v. Mayor, 81 N. Y. 425, where an officer is elected for a term certain, and before the expiration of the term the office is abolished by statute, he is thenceforth neither an officer de jure nor an officer de facto ; and in Re Hinkle, 31 Kan. 712, 3 Pac. 531, where a township has been abolished by statute, the officers of the township are also abolished, and after such abolition there can be no township officer de facto.
[5] Again, although relator was appointed to ah office by the Governor of the state, under article 157 of the Constitution, the Senate has rejected him. The Governor failed to send relator’s name to the Senate. Article 72. Relator admits that he has not been confirmed by the Senate, which was in session in 1913. He has been rejected; and he has no interest in any office.
In our opinion on the motion to dismiss the appeal of relator in this case, we hold that relator is here “proceeding under the provisions of the Code of Practice relating to the writ of quo warranto.”
[6] Article 868, Code of Practice, provides in part:
“With regard to offices of a public nature, that is, which are conferred in the name of the state by the Governor, with or without the consent of the Senate, or by election, the usurpations of them are prevented and punished in the manner directed by special laws.”
[8] The action provided by statute for trying title to office is ordinarily regarded as exclusive. 29 Cyc. 1417; State ex rel. Denis v. Mayor, 43 La. Ann. 98, 8 South. 893; High on Extraordinary Legal Remedies, § 617.
The commission held by relator was issued by and from the “executive department in the name and by the authority of the state of Louisiana,” and it is signed by the Governor of the state.
The only special laws on the subject of a proceeding or “mandate to prevent an usurpation of office (writ of quo warranto)” are Acts No. 156 of 1868, p. 199, and No. 39 of 1873, p. 78. Relator does not pretend to be proceeding under the latter act.
Section 11 of Act No. 156 of 1868, p. 201, provides:
*346 “That all laws or parts of laws in this state.' touching on the subject of quo warranto, conflicting directly or indirectly with any of the provisions of this act, be and the same are hereby repealed.”
That act requires in sections 1 and 4 that, in a proceeding brought by one, other than the Attorney General or district attorney, against a party who usurps, intrudes into, or unlawfully holds or exercises any public office or franchise within this state, he must be a “person interested.”
Relator is not interested in the office held by respondent. The office to which relator was appointed to, and in which he was interested, has been abolished. He therefore has no right or cause of action.
The case of State ex rel. Saunders v. Kohnke, 109 La. 838, 33 South. 793, was a proceeding against members of a corporation under the articles of the Code of Practice, and not under the intrusion into office act. It was not a suit against one upon whom an office had been “conferred in the name of the state by the Governor, with or without the consent of the Senate, or by election.”
[7] Relator has no interest in prosecuting this suit against respondents; and, were some of the issues raised by him decided in his favor, he could not hold the office he seeks, and he could not be declared to be entitled to the emoluments thereof claimed by him.
[9] “The judiciary is silent until the presentation of some real right in conflict opens its lips.
“Therefore, where a candidate to office applies for a mandamus to compel the appointment of commissioners of election in his behalf, and the application is dismissed, and an appeal taken to the Supreme Court, if, when the case is submitted, the election has been held, the appeal will be dismissed.” State ex rel. Romain v. Board of Supervisors, 49 La. Ann. 578, 21 South. 731.
Judgment affirmed.