—8651—

NO. ~~8120~~

COURT OF APPEAL

PARISH OF ORLEANS

———————

ANNIE PERKINS

versus

ROY M. STRECKFUS

———————

Court of Appeal
PARISH OF ORLEANS
FILED Aug 30/22

———————

8651

Itxkzsxfraquantkyxbanuxdanxdadxbxckkiaxfanxk

Di.kelspiel; J.

*Dunkelspiel; J.*    Plaintiff in this suit alleges that she was employed upon
the steamboat Capitol, as a maid, and that on September 28th, 1920,
she was engaged by her employer, Roy Streckfus, Captain of the steam-
boat Capitol to proceed to his residence where petitioner was to do
some domestic work under order of defendant's wife.

The petition avers further that she was told by defendant
that she would be taken to defendant's home in his automobile truck,
and that while on her way to defendant's residence under defendant's
orders, she was riding in defendant's truck, and while xxxxxxixxg
proceeding with the chauffeur,in the employ of defendant, the said
chauffeur of defendant operating his automobile on North Peters
Street at the intersection of Bienville, at about nine thirty
in the morning on September 28th, 1920, collided with a float at
said intersection of North Peters and Bienville Streets.  She
alleges also that she sustained injuries due to the negligence
of defendant' employee, which consisted of a sprained back and
hip joint and internal abdominal injuries and that she was con-
fined to her home from September 28th, 1920, until November 10th
1920 under care of a physician, and that she is still suffering
from thraxffxax the effects of said injuries and that said inxx
injuries were brought about solely due to the negligence of de-
fendant's employee who had ample time to avoid colliding with the
sole moving vehicle which was crossing the street in front of de-
fendant's automobile truck, but said chauffeur was bent upon
crossing in front of the other vehicle, which had the right of way

Alleging further that she suffered excruciating pain
and agony from the effects of said injuries and was forced to
employ and have the attention of a physician during the time
she was confined to her room, and due to said injuries she was
totally incapacitated from performing her employment as maid
and that her medical bill amounted, together with her drug bill,
to fifty dollars, and for the loss of employment from the dates
heretofore mentioned, amounted to one hundred dollars, and for

the pain and suffering she incurred she asks for the sum of
Twenty Nine hundred dollars, and prayed for a judgment for $3050.00.

396

To this petition there were filed exceptions, that the petition was vague and indefinite, and disclosed no right or cause of action.

Subsequently there was filed by plaintiff, a supplemental petition, which enters at length and sets forth more specificàly the allegations of her original petition, giving the name of the owner of the truck and the float, going into detail as to the nature of her injuries.

The answer of the defendant denies the allegations of plaintiff's petition, denies that plaintiff was employed by him as maid on board the steamboat Sydney, but admits that he was captain of said steamboat, but denies that he was plaintiff's employer. Denies that on the 28th day of September, 1920 or any other date, he directed plaintiff to go to his residence to perform domestic or any other work for defendant's wife, and asserts the facts to be that the plaintiff was employed in the capacity of a lunch counter girl on the steamboat Sydney, whose home port is St. Louis, Missouri, and is owned and operated by the Streckfus Steamboat Line, an Illinois corporation; that defendant was an employee of said steamboat line and the captain of said steamboat Sydney; that neither at the time alleged in the plaintiff's petition nor at any other time, was plaintiff employed personally by defendant, but at all times while working on said steamboat Sydney she was in the employ of the corporation which owned and operated said steamboat. Defendant alleges that on the date of the said accident he resided with his family at No. 2220 Esclanade Avenue in the city of New Orleans and was then about to move from said residence to 3935 Coliseum Street, and that on the day preceding the accident, defendant's wife visited the steamboat Sydney and that while aboard the boat, plaintiff learned that he and his wife were going to move and asked defendant's wife if she might come out to the house and assist her in getting ready to move, and his wife came to defendant asking him if it would be alright if plaintiff came to defendant's residence the following day and assisted her in her

preparations to move; defendant made no objection, but said to let plaintiff clearly know that it was not compulsory upon her to go, and subsequently gave plaintiff the number of defendant's residence, and directed her to take the Esplanade Belt car, get out at the 2200 block, to which plaintiff agreed; and alleging that defendant violated the instructions so given by inducing the chauffeur of the truck, whose duty it was simply to carry advertising matter for the steamboat Sydney, to drive plaintiff to defendant's residence, which he did without any authority; that said chauffeur was not authorized to use said truck for any purpose except the business of the steamboat, he had no authority to drive plaintiff to defendant's residence or anywhere else, denies that he ever had any conversation with plaintiff in reference to the automobile, and avers that the accident was due entirely to the contributory negligence, heedlessness and need of care on the part of plaintiff; and prays for dismissal of plaintiff's action.

The testimony of the plaintiff substantially asserts, amongst other things, that Mrs. Streckfus, defendant's wife asked her if it would be alright to go to her house the next morning, giving her the number of her home and the street, and giving her also the directions for getting there; said there would be a Ford car driven by one Abe Lyons, who would take her out there; she testifies she was not familiar with the streets of the city of New Orleans, and also goes on to testify the nature of the accident in question and the date thereof, the time that she was in bed, attended by a physician, giving his name; she describes the truck and says it was used to carry advertising matter and other things to and from the steamboat, it was not a passenger automobile; she positively swears that she was not instructed by either the captain or his wife to take the street car, and that that fact was not mentioned to her at all; she swears to her injuries and the effect thereof.

The first witness introduced by plaintiff, a Mr. Mengel

describes the accident and how it occurred, he knows nothing about the employment of plaintiff nor the orders she received from defendant.

A Mr. Hammond, another witness for plaintiff also witnessed the accident from a blacksmith shop, and goes on to describe it; knows nothing of plaintiff's injuries nor anything further about the case one way or another.

Mrs. Ethel Young, another witness for plaintiff in her examination in chief amongst other statements made, says that defendant's wife asked plaintiff to call at her house to do some work and told her what car to catch so she could get to the house, for nine o'clock in the morning, and that plaintiff stated in reply that she could not find the place, and then it was that she further said after asking her husband, that plaintiff could come in the truck with Abe, and that was all that she knew about this particular circumstances; the next time that she saw plaintiff she found her in bed; at the time in question she was working for defendant's company, as cashier.

On cross examination:
Q. You stated rather positively in your direct examination that Mrs. Streckfus did tell this woman how to get to her Esplanade Avenue home, and told her to take the street car? A. Yes sir, she did tell her to take the street car.
Q. And you testify that Mrs. Streckfus insisted upon her taking the street car? A. I think she did, yes sir.

And several answers to questions of like effect were identical with what we have heretofore quoted. Taking her entire testimony, she swears that plaintiff was ordered to take the street car and not the auto.

The first witness in behalf of defendant is a brother, and he testifies that the Streckfus Steamboat Line, a corporation operating steamboats, operated the boat in question, and that his brother was the captain of the boat; that the corporation was organized under the laws of the State of Illinois, and that all

of the employees, amongst whom was the defendant, were paid by the corporation. In this connection this witness further testifies that Abe Lyons was also employed by the corporation, that his salary was paid along with the other employees, by the company.

He was asked:

Q. Now at the time they refer to, September, 1920, was there any automobile being used by the steamboat Sydney, in the city of New Orleans? A. We have a car here, a Ford make, it was an advertising truck, the steamboat Sydney was operated by defendant's corporation in the afternoon, sightseeing on the harbor, and night trips about the harbor for dancing, and the truck was used for carrying billboards and things of that sort, advertising; and Lyons was th- chauffeur of that truck; defendant had no interest in the truck.

Mrs. R. M. Streckfus, wife of the defendant, testified as to where she lived in September, 1920, 2230 Esplanade Avenue, and afterwards moving to Coliseum Street. She was asked:

Q. In moving did you have any occassion to speak to a woman by the name of Annie Perkins, this woman here, about assisting you in any way in the moving? A. Yes sir.

Q. State all that took place between you and this woman?
A. Every time that I would go to the steamboat Sydney, Annie Perkins would want to come and help me, and whe she knew that I w s going to move she wanted to come and help me, and finally I said if she wanted to she could come, if it did not interfere with her work on the boat, and she should be there between seven thirty and eight o'clock, and she wanted to know where the place was and I told her it was Esplanade Avenue, and I wrote it on a piece of paper for her, to take the Esplanade Belt car and get off at the 2300 block, I described the house and everything, and insterd of that she got on the truck against the wishes of the chauffeur.

Q. Now Mrs. Streckfus, did you at any time on the steamboat Sydney

400

tell this woman in Mrs. Young's presence or anyone else's presence to take the truck in the morning and go out to your Esplanade Avenue home? A. I certainly did not.

Q. You did tell her to go cut and take the street car? A. Yes sir, and I wrote the street for her to get off at and the name of the street car line; I never thought anything about taking the truck, I told her to take the Esplanade Belt car and get off at the 2200 block.

She knew nothing of the injury to plaintiff, except what she was told. She swears that Abe Lyons, the chauffeur was in the employ of the steamboat company and not that of her husband.

The defendant himself, R. M. Streckfus, testifies that he was captain of the steamboat Sydney at the time this accident occurred, and that the steamboats Capitol and Sydney were the property of the Streckfus Steamboat Line, and the domicile of the company was in St. Louis, Missouri, and it was incorporated under the laws of the State of Illinois; that the company was operating on the river carrying passengers, harbor excursions, in the city of New Orleans, making afternoon and night trips; these trips were advertised in the newspapers, also by handbills and further by an auto truck with three signs, one on each side and one on the back, it was a covered truck, had one seat, and defendant says he had no ownership in the truck; Abe Lyons wwas the chauffeur, had been such four or five months before the accident. In connection with his wife having asked plaintiff to go to her house to do some work he was asked:

Q. What was that conversation? A. My wife said that she had been requested by plaintiff if she could come out to the house to do some work for her, and she wanted to know if that would be alright, if it did not conflict with the company's affairs, I did not have any right to tell her that she could get off and do any work for me personally, but if she wanted to go of her own volition, that she could do it, and I insisted on my wife giving her the address, but not to use the truck, I never authorized my wife or plaint-

to xxxx ride on the truck.

On cross examination he testifies that the truck in question was bought in St. Louis, and being shown a certified copy from the Secretary of State. that the license was issued and he was declared to be the owner of the car in questions, his answer was: "I deny that I was the owner of the car," and the question again being asked him, he replied "Yes sir, this car was paid for by the steamer Sydney, the bankbook will show that.

Q. You claim that you did not make this application? A. Yes I xxx claim that I made the application for the license, but so far as the ownership of the car is concerned, I deny that.

He knows nothing of the injuries to plaintiff except what he had heard.

There is in evidence in this case, a copy of the application for registration of a Ford touring car, giving the place where the car was purchased, the number of cylinders, also the number of the car, and that the car was to be left at 2220 Esplanade Avenue; Roy H. Streckfus was the owner, residence address 2230 Esplanade Avenue, business address, Steamer Sydney, Canal Street, in the City of New Orleans. And in this connection the testimony of the witness who had entered the same, certified that he issued same as his official duxxxxxx duty.

The evidence in this case satisfies us that defendant was the captain of the steamboat Sydney at the time this accident occurred, that the steamboat was the property of the Streckfus Steamboat Line, an Illinois corporation, and that the registration of the truck in the office of the Secretary of State simply raised the presumption of ownership which could be rebutted by proof.

In order that one claiming to have been injured by an automobile driven by an employee of the owner, may recover therefor, she must show the relation of master and servant existed between the owner and the person in charge of the car, at the time of the accident, and that the servant was engaged

402

in his master's business and was acting within the scope of his employment.

Brenner et al vs. Ford, 116 La. 550.

Civil Code, Art. 2320.

Atkins vs. Points, 148 La. 958.

"An owner of an automobile is not liable for damages resulting from the negligence of someone else in the operation of a car,without proof or reasonable presumption that the person who operated the car was thx employed or authorized by the owner to operate the car.

Rusha vs. W. G. Coyle Co. et als, 149 La. 701.

It has frequently been decided by this Court, also by the Supreme Court of this State, when cases involving issues of fact, conflicting testimony, and the credibility of witnesses, the verdict of the jury will not be disturbed. unless manifestly erroneous, because the jury saw and heard the witnesses, and therefore were in a better position to judge of their credibility than is an appellate court.

Block vs. Liquidators, Henry Block Co. Ltd.
139 Court of Appeal, 78.

Levy vs. R. R. Co. 123 La. 198.

Williams vs. R. R. Co. 121 La. 138.

The evidence satisfies us further that plaintiff was instructed by the wife of the defendant and given the directions afxkx to her home on Esplanade Avenue, and ordered to take the street car to reach her residence; this was confirmed by the defendant and the fact that plaintiff nevertheless undertook and did go in the auto truck, driven by another employee of defendant's company, and not of defendant, without any authority from defendant, and without his knowledge, and did attempt to proceed to defendant's home, does not for that reason make the defendant liable in case of an accident such as this.

In disobeying the instructions of defendant and his wife, which the record amply demonstrates plaintiff did, she took her own risks, and no matter what the nature of the ac-

cident, and the injuries she received, were produced through her own fault, and defendant can not be held liable therefor.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, plaintiff to pay costs of both Courts.

—Judgment affirmed—