The relator, E.A. Conway, Secretary of State, has filed a petition for the dismissal of plaintiff's suit, on the ground that the proceedings involve only a moot case, requiring such dismissal. Obviously, if the case presents only moot questions for decision, it is wholly unnecessary to discuss it on the merits. *Page 540 
The case as it now stands is made up of the following facts and circumstances, viz.:
On July 3, 1934, the Democratic Executive Committee of the Third Supreme Court District met pursuant to law and called a primary election to be held on September 11, 1934, for the purpose of selecting a Democratic nominee for the office of Justice of the Supreme Court from that district for the full term of fourteen years, beginning on January 1, 1935. Mr. Justice Winston Overton, the incumbent, and Judge Thomas F. Porter, of the Fourteenth judicial district court, qualified as the sole candidates for the nomination. On September 9, 1934, which was two days prior to the time fixed for the primary election, Justice Overton died. On September 11, 1934, the primary election was held as ordered and Judge Porter received a large majority of the votes cast.
On September 15, 1934, the Democratic Executive Committee met and the members thereof were advised by Honorable T. Arthur Edwards, chairman of the committee, that owing to the death of Justice Overton within seven days of September 11, 1934, Judge Porter, under the provisions of section 30 of Act No. 97 of 1922 (the Primary Election Law), became the Democratic nominee for the office of Justice of the Supreme Court from the Third Supreme Court District, and that it was the mandatory duty of the committee to so declare and certify. But the committee declined to accept the advice of its chairman, and by a majority vote rejected a resolution prepared in accordance therewith. The committee, by the same majority vote, adopted another resolution calling *Page 541 
a second primary to be held on October 9, 1934, for the purpose of nominating the Democratic candidate for the office.
On September 20, 1934, Judge Porter filed a suit against Hon. E.A. Conway, Secretary of State, in the Nineteenth judicial district court for the parish of East Baton Rouge, to compel the Secretary of State to recognize plaintiff as the nominee of the Democratic Party for the office of Justice of the Supreme Court from the Third Supreme Court District by reason of the fact that plaintiff was the unopposed candidate for the nomination; and, in the alternative, to enjoin the Secretary of State from distributing any ballots or paraphernalia to be used in the primary election called for October 9, 1934, and from printing the name of any other person than Thomas F. Porter, the plaintiff, as the Democratic nominee on the ballots to be used in the general election to be held on November 6, 1934.
The rule to show cause why a temporary injunction should not issue was fixed for hearing and was heard on September 25, 1934, before Hon. W. Carruth Jones, judge of the district court. After the hearing on the rule was completed, the trial judge granted a preliminary injunction, restraining the Secretary of State from printing the name of any other person than that of Thomas F. Porter on the official ballot to be used in the general election on November 6, 1934, and further restraining the Secretary of State from printing any ballots or distributing any paraphernalia to be used in the second primary election called by the Democratic Executive Committee for the Third Supreme Court District. The judgment was rendered and signed on *Page 542 
September 25, 1934, and on the same day, the state of Louisiana, on the relation of E.A. Conway, Secretary of State, applied to this court for writs of certiorari, prohibition, and mandamus.
On September 26, 1934, relator's application was considered by the six surviving Justices of this court, and three of the Justices ordered a rule nisi to issue, returnable on November 26, 1934, at 11 o'clock a.m., and in said order it was further provided that all "orders, writs and judgments issued against E.A. Conway, Secretary of State, in said District Court" should be "stayed and suspended." The three other Justices dissented from the granting of the rule and stay order, but their dissent was unavailing to prevent their issuance, since under section 2 of article 7 of the Constitution of 1921, any one of the Justices of this court is authorized to issue supervisory writs, needful orders and process, and his action can only be restrained, and his order, when granted, can only be recalled, by four of his associates, constituting a majority of the court.
The CHIEF JUSTICE dissented from the order of our three associates, because, as shown by his written reasons assigned and filed at the time, under his interpretation of section 30 of Act No. 97 of 1922, he was of the opinion that by the death of Justice Overton only two days prior to September 11, 1934, the date fixed for the primary election, Judge Porter became the nominee of the Democratic Party.
Justice ODOM and the writer dissented from the granting of the writ and stay order for the following reasons, which were placed *Page 543 
in writing and filed in the record at the time, viz.:
"We dissent from the granting of this writ with a stay order which makes it legally impossible for the court to consider the case on its merits before November 26th., 1934. We express no opinion as to whether Judge Porter is the nominee of the Democratic Party for the office of Justice of the Supreme Court from the Third District. Whether he is or not should be decided when and if that question is properly presented to the court, which should be without delay. To postpone a hearing of the case on its merits until after the general election may deprive him of substantial rights without a hearing."
Prior to the issuance of the rule nisi and stay order by the three Justices of this court on September 26, 1934, Judge Porter had filed a suit in the Thirteenth judicial district court for the parish of Evangeline to enjoin the Democratic Executive Committee from ordering and conducting the primary election of October 9, 1934. On September 28, 1934, Judge Porter moved to dismiss that suit, and his motion was granted on the same day by Hon. B.H. Pavy, judge of the district court. Thereafter, Judge Porter qualified as a candidate in the primary election called for October 9, 1934. His opponent in that primary was Hon. John B. Fournet, who was elected. Mr. Fournet's name was certified by the Democratic Executive Committee as the party candidate, and he was accordingly placed on the official ballot as such candidate. In the general election, which was held on November 6, 1934, Mr. Fournet was elected to the office of Justice of the Supreme Court from the Third Supreme Court District. *Page 544 
On November 7, 1934, E.A. Conway, Secretary of State, the relator herein, filed a petition in this court, in which he set forth a number of grounds as showing that all the questions presented to the district court in this case have become moot questions and that, as a consequence thereof, there is nothing before this court requiring consideration. Petitioner prayed for service upon the respondent, and that in due course a judgment be entered dismissing the suit. The petition and prayer thereof were fixed for hearing on November 26, 1934, which was the return day fixed in the order of September 26, 1934, granted upon relator's application for supervisory writs.
The petition and prayer of relator for the dismissal of this suit as presenting only moot questions was not answered by the respondent. However, on November 26, 1934, Judge Porter filed his answer to the rule nisi issued on September 26, 1934. In his answer, respondent sets forth the following, viz.:
"That respondent after full trial, obtained on September 25, 1934, a judgment of the District Court recognizing him as the Democratic Nominee for Justice of the Third Supreme Court District for this State and entitled as such nominee to have his name printed on the ballots for the general election to be held on November 6, 1934.
"That whatever right respondent had in and under said judgment was destroyed by the order of this Honorable Court staying and suspending said judgment for twenty days beyond the date on which the general election was held, and, in this Court not granting your respondent a hearing on the *Page 545 
correctness of said judgment before said general election."
And respondent submitted the matter on the record as presented.
I am not prepared to hold that Judge Porter by participating in the primary election held on October 9, 1934, forfeited his legal rights, whatever they might have been growing out of his entry as a candidate for the party nomination in the primary election fixed for September 11, 1934, and the death of Justice Overton, his opponent, within seven days of that date. Cf. Triche v. Labiche, 121 La. 138, 46 So. 130; Hall v. Godchaux, 149 La. 733, 90 So. 145.
But, be that as it may, the general election was held, as required by law, on November 6, 1934, and at that election Honorable John B. Fournet, whose name appeared on the official ballot as the regular nominee of the Democratic Party, was elected to the office of Justice of the Supreme Court from the Third Supreme Court District for the term beginning January 1, 1935. As the result of the holding of the general election and the election to the office of Mr. Fournet, the issues in this case have become moot questions. State ex rel. Romain v. Supervisors of Election, 49 La. Ann. 578, 21 So. 731; Broussard v. Democratic Executive Committee, 176 La. 620, 146 So. 313. Mr. Fournet is entitled to all the benefits flowing from his election, whether he could have been in contest proceedings ousted of his right to claim the Democratic nomination which led to his election or not. There is no contest here between Judge Porter and Mr. Fournet, who is not a party litigant. As between the contending litigants — Judge Porter and E.A. Conway, Secretary of *Page 546 
State — only abstract questions are involved. The judiciary cannot be required to decide such questions. As was said in State ex rel. Romain v. Supervisors of Election:
"The province of the judiciary is to interpret the law in every controversy of right which is brought before it. Its decree is final only in the case in controversy, and is applicable to all corresponding cases as a precedent. It is incapable of determining feigned issues. In the instant case to construe the election law, where there is no right in controversy, in which the opinion rendered could affect no one, or be the basis of any effective decree, would be to render the court only a moot court for the examination and trial of political theories. The reference of such cases to it is inconsistent with the institution of law. The fact that its acts are limited to the determination of controverted rights is evidence that to entertain feigned issues is beyond its power. Vast changes and crises may follow in swift succession; political order may be subverted; yet there may be no case involving in a special controversy the rights of contending litigants. The judiciary is silent until the presentation of some real right in conflict opens its lips."
In the instant case, as in the Romain Case, to require this court to interpret the Primary Election Law, where there is no right in controversy, in which the opinion rendered could affect no one, or be the basis of any effective decree, would be to turn the court into a moot court for the consideration and determination of mere political theories.
As all the questions involved in the case have become moot questions, it is not within *Page 547 
the province of this court to consider and decide them on their merits.
For these reasons, I concur in the dismissal of the proceedings, both in this court and in the district court.